UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**GLORY OF GOD GLOBAL MINISTRY, INC.,**  :

               Plaintiff,  :

                                   : **REMAND ORDER**

          **- against -**  : 22-CV-7732 (AMD) (LB)

**5904 FOSTER AVENUE TRUST,**  :

Defendant.  :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On December 22, 2022, the defendant removed a state court summary proceeding to recover real property under Article 7 of the New York Real Property and Proceedings Law ("RPAPL") to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1446, on the basis of diversity jurisdiction. (ECF No. 1.) Because this Court lacks original jurisdiction over summary proceedings to recover real property under New York law, the action is remanded to the Landlord and Tenant Division of New York City Civil Court, Kings County. The parties' requests for emergency relief are denied as moot.

## BACKGROUND

The plaintiff, a religious congregation, alleges that it first took possession of real property located at 5904 Foster Avenue, Brooklyn, 11234 (the "Property") in 2014. (ECF No. 1-1 at 8.) At the time a related entity, Triple C's Venture, LLC, owned the Property. (*Id.*) The plaintiff, a tenant, occupied the Property from 2014 until December 14, 2022, and conducted religious services there. (*Id.* at 13.) On March 3, 2020, the Property was the subject of a Judgement of Foreclosure and Sale in Kings County Supreme Court. (ECF No. 1 at 1.) On February 28, 2022, the defendant purchased the Property through a Referee Deed for $1,940,000.00. (*Id.* at 2.) The plaintiff alleges that the transfer of ownership of the Property was

fraudulent.  (ECF No. 1-1 at 8.)  After the defendant purchased the Property, it brought an action in King County Supreme Court to evict Triple C.  The Supreme Court denied the defendant's request on September 6, 2022, because the defendant did not submit evidence of proper notice under RPAPL §§ 713 and 735.  (ECF No. 1-1 at 28-29.)

On November 9, 2022, the defendant served a ten-day eviction notice on the plaintiff and Triple C, once again seeking to gain possession of the Property.  (*Id.* at 8-9.)  The ten days expired, but the defendant did not seek a judicial order evicting the plaintiff.  (*Id.*)  Instead, on December 14, 2022, the defendant allegedly changed the locks to the building without giving the plaintiff new keys.  (*Id.*)

On December 15, 2022, the plaintiff filed a petition in the Landlord and Tenant Division of New York City Civil Court, Kings County (the "Housing Court") to restore its possession of the Property pursuant to RPAPL § 713(10).  (*See* ECF No. 1-1 at 2-3.)  The plaintiff also sought damages for forcible or unlawful entry pursuant to RPAPL § 853 and commercial tenant harassment pursuant to § 22-902 of the New York City Code.  (*Id.*)  On December 16, 2022, the Housing Court issued an Order to Show Cause scheduling a hearing for December 21, 2022, and temporarily enjoined the defendant and its agents from re-renting or removing the plaintiff's possessions from the Property.  (ECF No. 6-2 at 9-10.)  On December 19, 2022, the defendant removed the Housing Court action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1446.  (ECF No. 1.)  Nonetheless, the Housing Court held an evidentiary hearing, and awarded the plaintiff a judgment of possession against the defendant on December 21, 2022.  (ECF No. 4-3.)

On December 21, 2022, the defendant filed an emergency motion in this Court for a pre-motion conference, seeking vacatur of the Housing Court's judgment of possession, because the

Housing Court entered its judgment after the defendant filed its notice of removal. (ECF No. 4.) On December 28, 2022, the plaintiff responded to the defendant's emergency motion, stating that it intended to move for remand to state court for lack of subject matter jurisdiction. (ECF No. 5.) That same day, the plaintiff filed an emergency motion in this Court for a temporary restraining order prohibiting the defendant from selling, renting, occupying, or encumbering the Property. (ECF No. 6 at 1.)

## STANDARD

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.* 30 F.3d 298, 301 (2d Cir. 1994). A claim may be removed to federal court only if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). A court may remand a removed case to state court *sua sponte* if it concludes that it does not have subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

A party basing removal on diversity jurisdiction must show that the plaintiff and defendants are of diverse citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be

3

the amount in controversy." 28 U.S.C. §1446(c)(2).  However, if the initial pleading sought nonmonetary relief, the notice of removal may assert the amount in controversy, subject to the court finding "by the preponderance of the evidence, that the amount in controversy exceeds the [jurisdictional] amount." 28 U.S.C. §1446(c)(2)(A) and (B).  The party seeking removal has the burden of proving that the amount in controversy exceeds the statutory limit to a "reasonable probability." *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks and citations omitted).

## DISCUSSION

The plaintiff's petition in Housing Court sought a judgment pursuant to RPAPL § 713(10), awarding it possession of the Property and providing for a warrant of eviction.  Section 713(10) falls under Article 7 of the RPAPL, which is entitled "Summary Proceeding to Recover Possession of Real Property."  These summary proceedings, which are "unique to the state courts," create a "streamlined process" for landlord-tenant disputes to be resolved "without the expense of discovery and motion practice as would be permitted in federal court." *180 Varick, LLC v. Think Passenger, Inc.*, No. 13-CV-2138, 2013 WL 3146828, at *2 (S.D.N.Y. June 20, 2013); *Byrd v. Grove St. Mgmt. Corp.*, No. 16-CV-6017, 2018 WL 3110219, at *10 (W.D.N.Y. June 25, 2018) ("[T]he summary proceeding under N.Y. Real Prop. Acts. Law, Art. 7 . . . is a statutory device designed to achieve simple, expeditious and inexpensive resolution of disputes over the right to possession of real property.") (internal quotation marks and citations omitted).

These summary proceedings have no analog in the Federal Rules of Civil Procedure.  *See Glen 6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 228 (S.D.N.Y. 1991) ("No authorization for summary adjudication of landlord/tenant disputes is provided in the federal rules of procedure nor in any other statute governing procedure in the district court.").  Accordingly, "the

requirements of the Federal Rules of Civil Procedure, which ordinarily do not allow proceedings more summary than the full court trial provided at common law, are inconsistent with the strict requirements of a statutory summary eviction proceeding in New York." *Wells Fargo Bank, N.A. v. Thomas*, No. 15-CV-928, 2015 WL 5319725, at *2 (S.D.N.Y. Sept. 11, 2015).  As the *Dedaj* court explained, "the summary process filed by [the] plaintiff could not have been brought [in federal court] originally, and as such, this court lacks subject matter jurisdiction."  770 F. Supp. at 228; *see also 180 Varick, LLC*, 2013 WL 3146828, at *2 ("Therefore, as a summary action [for eviction and non-payment of rent] such as that brought by plaintiff could not have been brought originally in this Court, remand is appropriate."); *Doris W. Ray Irrevocable Tr. v. Ray,* No. 17-CV-763, 2018 WL 704385, at *4 (N.D.N.Y. Feb. 2, 2018) ("This procedural chasm has consistently led federal courts sitting in New York to remand summary eviction proceedings back to New York courts.")

Moreover, courts in this Circuit have held that federal courts should abstain from hearing summary eviction disputes because they implicate "uniquely local interests and state policy issues."  *Wells Fargo,* 2015 WL 5319725, at *3; *MRM Mgmt. Co. v. Ali*, No. 97-CV-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997) ("If we accept the removal of summary possession proceedings to federal court, we will not only overburden the federal system but will also completely emasculate the state structure for dealing with such disputes.") (quoting *Dedaj*, 770 F. Supp. at 229)); *180 Varick, LLC*, 2013 WL 3146828, at *2 ("Thus, even if the statutory requirements for [diversity] . . . had been met, the Court would abstain [from exercising jurisdiction over a landlord-tenant summary proceeding] in deference to the state courts."); *see also United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) ("Time and

5

again, district courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court.").

In addition, remand is warranted because the defendant has not established to a reasonably probability that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has directed district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

The defendant's assertion that the amount in controversy exceeds $75,000 for removal purposes is based entirely on the on the purchase price of $1,940,000.00. (ECF No. 1-1 at 1-2.) However, the plaintiff does not seek ownership of the Property in the Housing Court proceeding. Rather, it seeks a court order restoring its possession of the premises as a tenant, as well as damages arising from the defendant's illegal lockout. (ECF No. 1-1 at 3.) In eviction proceedings where the title of the property is not at issue, the amount in controversy is not simply the value of the property. *See Rosenberg v. Shemiran Co., LLC*, No. 20-CV-229, 2020 WL 550278, at *3 (S.D.N.Y. Feb. 3, 2020) ("The value of the apartment is irrelevant [to the amount in controversy analysis] because title to the property is not at issue in the non-payment action in the Civil Court."); *see also Ray*, 2018 WL 704385, at *3 ("When the petitioner's

desired injunctive relief is eviction, courts determine the amount in controversy based on the potential change in the petitioner's economic position.").

Nor can the defendant "meet [its] burden by relying on inferences drawn from the [Petition], because the [Petition] does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). The petition seeks only treble damages pursuant to RPAPL § 853 resulting from the defendant's allegedly illegal lockout; it does not specify the damages amount. (ECF No. 1-1 at 2-15.) Nor does the petition include a damages amount for the defendant's alleged harassment; in any event, the maximum civil penalty for commercial tenant harassment under § 22-902 of the New York City Code is only $50,000. *See* New York City, N.Y., Code § 22-903.

Finally, neither the petition nor the notice of removal "contain sufficient information regarding the nature and extent of the [harm suffered by the plaintiff] to permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied." *GG by Georges v. Target Corp.*, No. 22-CV-6247, 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022). In its notice of removal, the defendant does not allege any additional facts establishing that the ongoing dispute over possession of the Property has changed either the plaintiff's or its own economic position by more than $75,000.

In short, the defendant's sparse allegations "are insufficient to support the exercise of federal subject matter jurisdiction. Remand to state court is therefore proper." *Azizi v. Gonzalez De Buitra*, No. 22-CV-7134, 2022 WL 17623955, at *3 (E.D.N.Y. Dec. 13, 2022).

## CONCLUSION

For these reasons, removal of the summary proceeding to recover the property located at 5904 Foster Avenue and obtain related damages is improper, and the Court remands the action to the Landlord and Tenant Division of New York City Civil Court, Kings County pursuant to 28 U.S.C. § 1447(c) under Index Number LT-329469-22/KI.  The plaintiff's request for a temporary restraining order and the defendant's request for an order vacating the state court's judgment of possession are denied.  The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Landlord and Tenant Division of the New York City Civil Court, Kings County, and to close the case in this Court.

**SO ORDERED.**

s/ Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       December 30, 2022